On the Merits.
Levy, J.
The plaintiff seeks to recover from the Board of Directors of the Public Schools of New Orleans, the sum of $1,248.43. He bases his demand on the following allegations: That on the 22d of October, 1877, lie was permanently elected a principal teacher of a public school in said City by said Board; that on the 10th of September, 1879, he was relieved from active duty and placed on what was called an tmassigned list, from 15th September, 1879, without pay or compensation, thereby virtually dispensing with his services as such teacher, which action, he alleges, is unauthorized by, and violative of the law. He therefore prays for judgment in his favor, for said sum of $1,248.43, amount due him as salary for thirteen months and seven days, that being the time elapsing between 15th of September, 1879, and the 22d October, 1880, at the rate of $85 per month.
Defendants, in their answer, after a general denial, specially deny that they ever made such a contract as the one averred, or that they had power to make any such contract. They further say, that the reason for placing plaintiff on the unassigned roll was two-fold: .
1. Because the school of which he had been elected principal was, in the discretion of the Board, consolidated with another school.
2. Because the plaintiff was not in the City of New Orleans to enter upon the performance of his duties at the time the schools opened in 1879, or for more than two weeks thereafter.
There was judgment in favor of plaihtiff for the amount claimed, and the defendants and City of New Orleans, the latter claiming a direct pecuniary interest in the cause, have appealed.
The record shows the facts to be, that the plaintiff was appointed under the following resolution of the Board:
“ Itesoloed, That the following named teachers in the public schools *356 of tlie City of New Orleans are appointed, subject to a probation of three months’ service, and all those who may not be removed for cause within three months, are hereby declared permanently selected, subject to removal only on written charges and after trial and conviction by this Board, in the manner and for the causes specified by law.’’
No written, nor indeed any charges, were brought against plaintiff, nor was there any trial of him or conviction.
Prior to the day on which the schools were opened, plaintiff was placed on the unassigned list and thus deprived of employment, and although the school of which- he was principal was consolidated with another, a new teacher was appointed to take charge of the consolidated one. It is shown that plaintiff was an efficient teacher. Prior to the opening of the schools, the plaintiff had been notified that his services had not been retained, that he had been left out.
The Board of School Directors of the City of New Orleans was created by and derives its powers from the Act of the Legislature, No. 23, approved March 26th, 1877. This Act specifically defines the duties and powers of School Boards both in the-country Parishes and in the City. Sections 3 to 13, inclusive, are devoted to the definition of the duties and powers of the Parish Boards, and Sections 14 to 21, inclusive, of those of the City Board. Section 16 provides, that, “ in addition to the powers and duties hereinbefore granted to and imposed upon Parish Boards, the powers and duties of said Board of Directors of the City Schools shall be as- follows.” Paragraph 14 of Section 4, on the subject of the employment of teachers by the Parish Boards, enacts that “ no such contract, (i. e. with teachers) shall be' valid for more than one year,” and points out how such contract may be cancelled and the vacancy filled. Paragraph 4 of Section 16 provides a different mode for the selection of teachers in the City Schools, and prescribes the manner alone in which they can be removed.
We think the two Sections are not inconsistent, but that the limitation of the term of employment of all teachers is fixed at one year, the mode of their appointment and manner of removal only differing in the several localities. And the employment of city teachers thus limited to one year, they can scarcely be removed during such year for the. causes and after the proceedings which are specified in the paragraph and section above referred to.
Any other construction would, to our minds, be a forced one, creating practically a life tenure in office, which we cannot believe, from the whole tenor of the Act, constituted the will or intention of the legislature. Besides, the tenure of the members of the Board of Directors themselves is of limited duration, and if plaintiff’s construction of the law were maintained, the extraordinary and anomalous condition would *357 exist of one board binding irrevocably the action of their successors in office in regard to the tenure of official position; and even if the number of edueable children should become insufficient for the employment of all the teachers who had been appointed, they must perforce be retained, even without any services being rendered by them, and remain an incubus upon the public. It is in evidence that it has been customary for the Board to re-organize the schools at the commencement of each scholastic term. These reasons are, to our minds, conclusive, and satisfy us that the judgment of the lower court is erroneous and should be reversed.
It is therefore ordered, adjudged and decreed, that the judgment herein appealed from be annulled, avoided and reversed, and proceeding to render such judgment as should have been rendered by the lower court, it is now ordered, adjudged and decreed, that plaintiff’s demand be rejected, and that he do pay the costs of both Courts.